UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PLAYNATION PLAY SYSTEMS, INC. d/b/a GORILLA PLAYSETS,<br><br>     Plaintiff,<br><br>     v.<br><br>VELEX CORPORATION d/b/a GORILLA GYM,<br><br>     Defendant. | Civil Action File No.<br><br>1:14-cv-01046-RWS |

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and LR 26.1, NDGa., Plaintiff PlayNation Play Systems, Inc. ("PlayNation") makes the following initial disclosures ("Initial Disclosures").  PlayNation's Initial Disclosures are based upon information and documents reasonably available and known to PlayNation at this time.  PlayNation reserves its right to supplement or amend its Initial Disclosures pursuant to Fed. R. Civ. P. 26(e), if necessary, as additional information and documents are discovered.

Active 22592253v3 017837.000036

## I.    PlayNation's Initial Disclosures As Plaintiff.

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

This is a civil cause of action for federal and state common-law trademark infringement; federal false designation of origin and unfair competition; and Georgia statutory and common-law unfair competition and deceptive trade practices arising from Velex Corporation d/b/a Gorilla Gym's adoption and use of "GORILLA GYM" (the "GORILLA GYM Name") to promote the sale of its children's playground equipment, which infringes PlayNation's federally registered trademark GORILLA PLAYSETS (the "GORILLA PLAYSETS Mark"), U.S. Registration No. 2,834,525, which for over ten years PlayNation has extensively and continuously used to identify playground equipment throughout the United States.

PlayNation asserts claims against Velex for federal trademark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count 1); for federal unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a) (Count II); for trademark infringement and unfair competition under the common law of Georgia (Count III); for violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §

2

10-1-370 *et seq.* (Count IV); and for cancellation of Velex's federal trademark registration for Gorilla Gym, Registration No. 4,463,558, in accordance with 15 U.S.C. §§ 1119, 1052(d), and 1064.

PlayNation brings this action to obtain injunctive relief to stop Velex's illegal use and infringement of PlayNation's GORILLA PLAYSETS Mark, to recover monetary damages, and to obtain cancellation of Velex's federal trademark Registration No. 4,463,558 for the GORILLA GYM Name.

The factual bases for PlayNation's claims, including PlayNation's contentions as to what Velex did or failed to do, are set out in detail in PlayNation's Complaint and summarized below:

PlayNation is one of the world's leading manufacturers of playground equipment, which is distributed throughout the United States and the world under various trademarks, including the GORILLA PLAYSETS Mark.  PlayNation has continuously and extensively used the GORILLA PLAYSETS Mark in commerce since at least 2003 to uniquely identify playground equipment and related accessories in the fields of toys and sporting goods.

PlayNation is the owner of the following trademark registrations in the United States Patent and Trademark Office for the GORILLA PLAYSETS Mark: Federal Registration No. 2,834,525 for word mark GORILLA PLAYSETS, issued

Active 22592253v3 017837.000036

April 20, 2004, based on a first-use date of January 31, 2003; and Federal

Registration No. 2,862,694 for the word-plus-design mark "GORILLA

PLAYSETS INC. and Design," issued July 13, 2004, based on a first-use date of

November 30, 2002.  PlayNation is the owner of all right, title and interest in and

to the GORILLA PLAYSETS Mark for playground equipment and related

accessories, which uniquely identifies the playground equipment and related

accessories goods and services of PlayNation.

Velex ships, distributes, sells and markets playground and other equipment

to consumers throughout the United States, including in the State of Georgia and

the Northern District of Georgia.  Velex has offered and sold playground

equipment products under the GORILLA GYM designation.

Velex's sale of the same goods and services under GORILLA GYM as

PlayNation sells under the its GORILLA PLAYSETS Mark is likely to cause

confusion, or to cause mistake, or to deceive and mislead as to the source, origin,

sponsorship, or approval of Velex's goods and services, and suggests that Velex or

its goods and services have an affiliation, sponsorship with, or approval by

PlayNation, which they do not have.  Velex's commercial activities and use of the

GORILLA GYM Name continues in spite of Velex's knowledge that such use is in

4

direct contravention of PlayNation's rights in its GORILLA PLAYSETS Mark. Velex further has acted willfully, intentionally, and in bad faith.

The legal issues in this case are as follows:

(a)     Whether Velex  has violated Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 through its use of the GORILLA GYM Name;

(b)     Whether Velex's use of the GORILLA GYM Name constitutes federal unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a);

(c)     Whether Velex's use of the GORILLA GYM Name constitutes common-law trademark infringement;

(d)     Whether Velex's use of the GORILLA GYM Name constitutes a violation of the common law governing unfair competition;

(e)     Whether Velex's use of the GORILLA GYM Name constitutes a violation of the Georgia Unfair Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*

(f)     Whether PlayNation has been and continues to be damaged by Velex's conduct, and in what amounts;

(g)     Whether Velex's actions have been willful and deliberate;

5

(h)     Whether PlayNation is entitled to enhanced or treble damages based on

        Velex's conduct;

(i)     Whether PlayNation is entitled to a preliminary or permanent injunction

        prohibiting Velex from using the GORILLA GYM Name or variants

        thereof;

(j)     Whether Velex has engaged in willful misconduct, malice, fraud,

        wantonness, oppression or an entire want of care;

(k)     Whether PlayNation is entitled to recover punitive damages, and if so, in

        what amount;

(l)     Whether PlayNation is entitled to recover its reasonable attorney's fees and

        costs, and if so, in what amount; and

(m)     Whether PlayNation is entitled to cancellation of Velex's federal trademark

        registration for GORILLA GYM, U.S. Reg. No. 4,463,558.


        (2)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

        Based on PlayNation's current understanding of the material facts in this

case, the following statutes, codes, regulations, legal principles, standards, custom

and usage, and illustrative case law are applicable to this action:

6

(a)      The Lanham Act, including without limitation 15 U.S.C. §§ 1052(d), 1064, 1114(1)(a), 1117, 1119,  and 1125(a) and supporting case law;

(b)      Georgia's common law regarding trademark infringement and unfair competition, and supporting case law;

(c)       The Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et. seq.*, and supporting case law; and

(d)      Illustrative case law includes, but is not limited to: *Tally-Ho, Inc. v. Coast Community College District,* 889 F.2d 1018 (11th Cir.1989); *Carnival Brand Seafood Co. v. Carnival Brands*, 187 F.3d 1307 (11th Cir. 1999); *Lone Star Steakhouse v. Longhorn Steaks*, 122 F.3d 1379 (11th Cir. 1997); *Burger King v. Mason*, 855 F.2d 779 (11th Cir. 1988); *Frehling Enterprises v. Int'l Select Group*, 192 F.3d 1330 (11th Cir. 1999); *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.,* 675 F.2d 1160 (11th Cir.1982).

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

*See* Attachment A.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report

7

satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

*See* Attachment B.

(5)     Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*See* Attachment C.

(6)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.  (Attach any copies or descriptions to Initial Disclosures as Attachment D.)

*See* Attachment D.

(7)     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

PlayNation is not currently aware of any applicable insurance policy or

insurance agreement.

(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

8

At present, PlayNation is not aware of any person or legal entity who has such a subrogation interest.

Respectfully submitted this 17th day of December, 2014.

| | |
|---|---|
| TROUTMAN SANDERS LLP | MARC B. HERSHOVITZ, P.C. |
| /s/ John M. Bowler | /s/ Marc B. Hershovitz |
| John M. Bowler | Marc B. Hershovitz |
| Georgia Bar No. 071770 | Georgia Bar No. 349510 |
| Michael D. Hobbs | One Alliance Center |
| Georgia Bar No. 358160 | 4th Floor |
| 5200 Bank of America Plaza | 3500 Lenox Road |
| 600 Peachtree Street, N.E. | Atlanta, Georgia 30326 |
| Atlanta, Georgia 30308-2216 | 404-262-1425 (phone) |
| (404) 885-3000 (phone) | 404-262-1474 (fax) |
| (404) 885-3995 (facsimile) | marc@hershovitz.com |
| john.bowler@troutmansanders.com | |

*Attorneys for Plaintiff PlayNation Play Systems, Inc.*

Active 22592253v3 017837.000036

# ATTACHMENT A
## (PlayNation Witness List)

| INDIVIDUAL CONTACT INFORMATION | SUBJECTS OF INFORMATION |
|---|---|
| Jeff Robertson[*]<br>President<br>PlayNation Play Systems, Inc.<br>c/o<br>Marc B. Hershovitz<br>Marc B. Hershovitz, P.C.<br>One Alliance Center<br>4th Floor<br>3500 Lenox Road<br>Atlanta, Georgia 30326<br>404-262-1425<br>404-262-1474 (fax)<br>marc@hershovitz.com | PlayNation company background and history; PlayNation's adoption and use of its GORILLA PLAYSETS mark; PlayNation's goods and services provided under the GORILLA PLAYSETS mark; comparison of Velex's and Playnation's toddler swings, including interchangeability thereof and operation and use in an outdoor environment including on PlayNation's play set. |
| David Seitz[*]<br>Vice President<br>PlayNation Play Systems, Inc. | PlayNation company background and history; PlayNation's adoption and use of its GORILLA PLAYSETS mark; PlayNation's goods and services provided under the GORILLA PLAYSETS mark; comparison of Velex's and Playnation's toddler swings, including interchangeability thereof and operation and use in an outdoor environment including on PlayNation's play set. |

| | |
|---|---|
| Chris Holliday[*]<br>Vice President of Planning and Development<br>PlayNation Play Systems, Inc. | PlayNation's goods and services offered under the GORILLA PLAYSETS mark; Velex's marketing and sales of GORILLA GYM products in the State of Georgia. |
| Matt Morelly[*]<br>Director of Corporate Development (formerly National Sales Manager)<br>PlayNation Play Systems, Inc. | PlayNation's goods and services offered under the GORILLA PLAYSETS mark; Velex's marketing and sales of GORILLA GYM products in the State of Georgia. |
| Andrew Sindersine[*]<br>Sales Director<br>PlayNation Play Systems, Inc. | The facts and circumstances concerning PlayNation's first knowledge of Velex and its use of the GORILLA GYM name. |
| Peter Velikin<br>Co-founder<br>Velex Corp. d/b/a Gorilla Gym<br>1151 Mass Ave.<br>Cambridge, MA 02138 | Velex's creation, development, marketing, advertisement, promotion, offer for sale and sale of its infringing goods and services; Velex's adoption and use of the GORILLA GYM name. |

2

| Kiril Stefan Alexandrov<br>Co-founder<br>Velex Corp. d/b/a Gorilla Gym<br>1151 Mass Ave.<br>Cambridge, MA 02138 | Velex's creation, development, marketing, advertisement, promotion, offer for sale and sale of its infringing goods and services; Velex's adoption and use of the GORILLA GYM name; and various relevant communications between and among the parties. |
|---|---|
| Joel Charpentier<br>Velex Corp. d/b/a Gorilla Gym<br>1151 Mass Ave.<br>Cambridge, MA 02138 | Velex's creation, development, marketing, advertisement, promotion, offer for sale and sale of its infringing goods and services; Velex's adoption and use of the GORILLA GYM name. |
| Niall Cronnolly*<br>Eagle Investigative Services<br>770-318-3155<br>4060 Peachtree Road<br>Suite D-435<br>Atlanta, GA 30319 | Investigation of Velex's website including digital and video records created of same; screen shots of Velex's products, including its toddler swing as shown, advertised, and offered for sale on third party websites such as eBay. |

*These individuals may only be contacted through counsel for PlayNation.

3

## ATTACHMENT B
### (PlayNation Expert Witness List)

Although PlayNation may retain one or more expert witnesses to be used at trial, PlayNation has not yet retained any such expert witnesses.  PlayNation will supplement its response if and when it designates an expert witness who may be used at trial.

Active 22592253v3 017837.000036

## ATTACHMENT C
### (PlayNation Document List)

PlayNation provides the following description of various categories of documents, data compilations and tangible things in its possession, custody and control that may be used to support PlayNation's claims and defenses:

(1)     PlayNation's federal registrations of its GORILLA PLAYSETS Marks, including copies of Trademark Electronic Search System results evidencing PlayNation's registration of its GORILLA PLAYSETS Marks;

(2)     Various documents evidencing PlayNation's use of its GORILLA PLAYSETS Marks, including certain product catalogs and advertising featuring the GORILLA PLAYSETS Marks;

(3)     Documents sufficient to show the designs of playground equipment and any other goods or services offered under or associated with PlayNation's GORILLA PLAYSETS Marks; and

(4)     Copies of certain pages from PlayNation's http://www.gorillaplaysets.com website depicting PlayNation's use of its GORILLA PLAYSETS Marks.

(5)     Materials including paper, digital and/or video records created from the Velex website, as well as screencapture of Velex's products as advertised and

offered for sale on eBay created by Niall Cronnolly; packaging and shipping records relating to products purchased from Velex.

(6)     Photographs of Velex and PlayNation's toddler swings including side-by-side comparisons of same in an outdoor use environment on a PlayNation playset.

(7)     Screencapture of Velex's toddler swing in operation and use in an outdoor environment as advertised on eBay.

(8)     All documents produced by Velex during discovery in this case.

(9)     All exhibits to the depositions of  Velex, Peter Velikin, and Kiril Stefan Alexandrov.

Copies of the non-privileged documents identified above will be made available for inspection at a time and place to be agreed upon by counsel and pursuant to entry of an appropriate protective order pursuant to Fed. R. Civ. P. 26(c).

2

**ATTACHMENT D**
**(Categories and Descriptions of Damages)**

PlayNation currently is investigating the nature and extent of the damages caused by Velex's unlawful and infringing conduct.  Furthermore, much of PlayNation's investigation is dependent upon information to be provided by Velex, including information related to Velex's ongoing profits from its continuing infringement of PlayNation's GORILLA PLAYSETS Marks and Velex's use of the GORILLA GYM Name to identify, market and promote deceptively and confusingly similar goods and services, including playground equipment.

PlayNation reserves the right to supplement and amend the categories of damages and supporting documents identified below, if necessary, as PlayNation becomes aware of additional information and facts in discovery.

In addition to an award of:  injunctive relief ordering the cessation of further infringing conduct of Velex [15 U.S.C. § 1116(a)], the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Velex bearing the GORILLA GYM mark, and all plates molds, matrices, and other means of making the same [15 U.S.C. § 1118], and the cancellation of Velex's GORILLA GYM registration [15 U.S.C. § 1119], pursuant to 15 U.S.C. § 1117, PlayNation is entitled to the following categories of monetary relief as a result of Velex's unlawful and infringing conduct:

(1)     A disgorgement of all of Velex's profits from its sale of infringing goods and services, as measured by Velex's total sales revenue of such goods and services minus any appropriate expenses, and evidenced by, among other things, documents reflecting the amount and nature of the revenue, costs and expenses related to Velex's of infringing goods and services [15 U.S.C. § 1117(a)]; to calculate Velex's total sales and profits, PlayNation intends to rely on Velex's sales, revenue, and expense records produced in discovery as well as on the testimony of Velex as adduced through its officers Peter Velikin and Kiril Stefan Alexandrov;

(2)     An additional award of an enhanced amount of Velex's profits, subject to the Court's discretion [15 U.S.C. § 1117(a)];

(3)     A trebling of an award of Velex's profits where Velex has been shown to have intentionally infringed PlayNation's GORILLA PLAYSETS Marks  [15 U.S.C. § 1117(b)];

(4)     Prejudgment interest on the total damage award at an annual rate established by Section 6621(a)(2) of the Internal Revenue Code of 1986, beginning at the date of service of the Complaint and subject to the Court's discretion; and

4

(5)     The reasonable attorneys' fees and costs incurred by PlayNation in this action, calculated using billing documents yet to be finalized. [15 U.S.C. § 1117(a)].

PlayNation is entitled to the following categories of monetary relief as a result of Velex's common-law trademark infringement and statutory and common-law unfair competition:

(1)     A disgorgement of all of Velex's profits from its sale of infringing goods and services, as measured by Velex's total sales revenue of such goods and services minus any appropriate expenses, and evidenced by, among other things, documents reflecting the amount and nature of the revenue, costs and expenses related to Velex's sale of infringing goods and services;  to calculate Velex's total sales and profits, PlayNation intends to rely on Velex's sales, revenue, and expense records produced in discovery as well as on the testimony of Velex as adduced through its officers Peter Velikin and Kiril Stefan Alexandrov; and

(2)     Punitive damages as a result of Velex's willful misconduct, malice, fraud, wantonness, oppression and entire want of care in an amount to be determined by the enlightened conscience of the jury in the maximum amount of $250,000.

5

Pursuant O.C.G.A. § 10-1-373, PlayNation is entitled to the reasonable attorneys' fees and costs incurred by PlayNation in this action, calculated using billing documents yet to be finalized, as a result of Velex's willful engagement in trade practices Velex knew were deceptive.

Copies of the non-privileged documents identified above will be made available for inspection at a time and place to be agreed upon by counsel and pursuant to entry of an appropriate protective order pursuant to Fed. R. Civ. P. 26(c).

Active 22592253v3 017837.000036

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PLAYNATION PLAY SYSTEMS,
INC. d/b/a GORILLA PLAYSETS,

    Plaintiff,

    v.

VELEX CORPORATION d/b/a
GORILLA GYM,

    Defendant.

Civil Action File No.

1:14-cv-01046-RWS

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I caused this ***Plaintiff's***

***Amended Initial Disclosures*** to be filed with the Clerk of Court using the CM/ECF

system which will automatically send e-mail notification of such filing to at least

the following attorneys of record:

Robert M. Ward
DILWORTH IP, LLC
The Pinnacle Building
3455 Peachtree Rd NE, 5th Floor
Atlanta, Georgia 30326
rward@dilworthip.com

*/s/ John M. Bowler*

John M. Bowler
Georgia Bar No. 071770

Active 22592253v3 017837.000036